## SAMUEL GARRISON v. HORACE E. LANE.

Argued March term, 1925—Decided May term, 1925.

Contracts—Statute of Frauds—Where Owner of a· Building in Course of Construction Agrees With a Subcontractor to Pay the Debt Due Him From the Contractor Who Has Abandoned the Job if He Will Complete His Work, the Agreement Does Not Have to be in Writing—The Contract to Complete the Work Becomes a New Contract.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Francis J. Smith.*

For the appellee, *D. Trueman Stackhouse.*

PER CURIAM.

This action was tried in the District Court of Camden, without a jury, and resulted in a verdict for $355 in favor of plaintiff, from which defendant appeals. Some of the items recovered are not involved in this appeal.

The defendant employed a builder named Bittle to erect a house. Bittle engaged the plaintiff to do the plaster work for $360. After the plaintiff had performed some of the work, the relations between the defendant and builder were terminated. The defendant then orally agreed with the plaintiff that if the plaintiff would complete the work the defendant would pay him not only the cost of completing it, but also the amount due him from Bittle, which two sums totaled $360.

After the plaintiff started performance of this oral agreement, the defendant requested a written estimate of the cost of completion of the work, whereupon such estimate in the sum of $100 was given him by the plaintiff. From this evidence a jury could find, as the court, in effect, did find, that the oral agreement was the complete contract, and that

the estimate was only something done under or in further-
ance of the terms of the oral agreement, and that the estimate
was not given for the purpose of reducing the whole agree-
ment to writing, but for the purpose of satisfying a request
of the defendant. The main contention, however, is that the
promise of defendant was to answer for the debt or default
of another, and as such should have been in writing under
the statute of frauds in order to validate it. It is settled,
however, that where the owner of a building, on which the
contractor has abandoned work, promises to pay the contrac-
tor's workmen what is due them if they will prosecute the
work, the undertaking becomes *ipso facto* an original contract,
and not within the statute. *Kutzmeyer* v. *Ennis*, 27 *N. J.
L.* 371; *Mulholland* v. *Jones*, 83 *Id.* 607; 27 *Cyc.* 160, and
cases.

Such was the situation here and the judgment will there-
fore be affirmed.